IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR377 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| THOMAS E. BRYANT and JONATHAN M. BALES, | ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 61) issued by Magistrate Judge F.A. Gossett recommending that the following motions to suppress be denied: the motion (Filing No. 32) filed by the Defendant, Thomas E. Bryant; and the motions (Filing Nos. 34, 36) filed by the Defendant, Jonathan M. Bales. Bryant filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 65, 66) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Bryant and Bales are charged in a two-count Indictment with: conspiracy to distribute and possess with intent to distribute 1000 or more marijuana plants (Count I); and possession with intent to distribute 1000 or more marijuana plants (Count II). Both Defendants seek the suppression of evidence and statements obtained as a result of the September 28, 2008, traffic stop.

Following an evidentiary hearing, Judge Gossett issued oral findings of fact and conclusions of law and a brief Report and Recommendation. (Filing No. 61.) Judge Gossett concluded: the traffic stop was supported by reasonable suspicion; officers had an objectively reasonable basis for determining that traffic violations (speeding, following too closely) justified the stop; the drug dog alerted; the stop was not unreasonably long;

Bryant's statements at the scene of the stop and while being transported were volunteered and not the result of questioning; the government did not meet its burden of proving that *Miranda* warnings were given to Bryant at the scene; Bales was advised of his *Miranda* rights at the scene; once at the police station, Bales and Bryant voluntarily waived their *Miranda* rights and voluntarily provided statements; the search warrant for the property leased by Bryant was not a fruit of prior illegalities; probable cause existed for issuance of the search warrant; and, even assuming that probable cause was lacking for issuance of the search warrant, the *Leon* good faith exception applies. Judge Gossett therefore recommended that the motions to suppress be denied.

## FACTUAL BACKGROUND

Sergeant Floyd Banks of the Illinois State Patrol had been alerted by a DEA agent that a blue Expedition was suspected of transporting marijuana, and Sergeant Banks was advised if he saw the vehicle to stop it if probable cause for a traffic stop existed. In East Moline, Illinois, Sergeant Banks saw a vehicle matching that description. His radar device clocked the vehicle at 61 miles per hour in a 55 mile per hour construction zone, and he also determined that the vehicle was following another vehicle too closely. He stopped the vehicle, driven by Bryant. Bales was a passenger. Trooper Fratzke, an Illinois state police officer, arrived with his drug dog. The dog alerted positively during a sniff of the outside of the vehicle. The vehicle was searched, and marijuana was found in an area of the vehicle to which the dog had alerted. Bryant and Bales were handcuffed, and Bales was given his *Miranda* rights at the scene. At the scene and while being transported, Bryant made incriminating statements. Bryant and Bales were transported to a police post, where they both were advised of their *Miranda* rights orally and in writing. They waived their rights, and

2

both made incriminating statements. Bryant gave permission for a search of property leased by him. Judge Gossett signed a search warrant. Over 900,000 plants were found during the search of the property, and evidence of previous marijuana cultivation was also found.

## ANALYSIS

Under 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court must make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

The Court has considered the transcript of the hearing conducted by Judge Gossett. (Filing No. 62.) The Court also carefully viewed the evidence, particularly the portions of the DVD that recorded the stop and dog sniff. (Filing No. 57.) Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Gossett's factual findings in their entirety.

Bales has not objected to Judge Gossett's Report and Recommendation. Bryant objected, arguing: the traffic stop was not supported by probable cause, as Bryant was not speeding nor following too closely; the search of the vehicle was not supported by probable cause, as the dog was not reliable and failed to alert to narcotics in the vehicle; the search warrant was a fruit of prior Fourth Amendment violations; Bryant's statements at the police station were the fruit of prior Fourth Amendment violations; and Bryant's statements at the scene and while being transported were made in response to custodial interrogation and were not voluntarily made. The objections are discussed below.

3

*Traffic Stop - Probable Cause*

Bryant objects to the conclusion that the stop was supported by probable cause, or even reasonable suspicion, arguing that Sergeant Banks is not credible with respect to his testimony regarding the speed of the vehicle. Bryant argues that Sergeant Banks could not remember what vehicle he drove that day. This argument is unconvincing, as Sergeant Banks testified that his radar unit, which was working, is transferred from one vehicle to another. The specific vehicle driven by the officer that day is inconsequential, and the Court finds that the officer's inability to recall this detail does not diminish his credibility. Sergeant Blanks had a valid radar certification on the date in question, and on that date his radar unit was functioning properly. (Tr. 6.)

Bryant also argues that the officer could not have clocked the vehicle's speed as only a "split second" elapsed between the time the vehicle came into view and the stop of the vehicle. The Court disagrees. A review of the DVD shows approximately the following time periods: 20 seconds between the officer observing the vehicle and turning to follow the vehicle; 30 seconds spent catching up to the vehicle; 1 minute and 10 seconds observing the vehicle, pulling alongside it and then dropping behind the vehicle, before the traffic stop. (Ex. 1.) It is well settled that a minor traffic violation is probable cause for a traffic stop, even if the violation is pretext for a narcotics search. *United States v. Stachowiak,* 521 F.3d 852, 855 (8th Cir. 2008). In this case two minor traffic violations occurred and provided probable cause for the stop. The related objections are denied.

4

*Search of Vehicle - Drug Dog*

Bryant argues that the drug dog's alert might have been to the ball that Officer Fratzke had in his pocket when he ran the dog around the vehicle rather than to the marijuana in the vehicle. Bryant argues that Officer Fratzke's testimony that the dog, Viper, did not react to the ball as opposed to the marijuana in the vehicle was not credible because Officer Fratzke also testified that Viper associates the odor of drugs with the reward of a ball, which is his motivation for alerting.

Officer Fratzke testified that if Viper knew that he had a ball and wanted it, Viper would stop, stare at him, and probably come toward his pocket rather than stay at the vehicle. He testified that Viper would alert differently to the ball than to drugs. He clearly testified that Viper looks for the odor of narcotics and not for a ball. (Tr. 53-54.) Bryant's argument, which is self-serving and lacks support, does not refute Officer Fratzke's credibility. The related objections are denied.

*Search Warrant*

Because the stop and dog sniff did not violate the Fourth Amendment, Bryant's argument that the search warrant violated the fruit-of-the-poisonous-tree doctrine fails. Moreover, the search warrant application provided ample probable cause to support the issuance of the warrant.

*Statements*

Bryant's statements at the scene and while being transported were not made in response to custodial interrogation and were voluntarily made. The evidence shows that

any conversation, albeit while Bryant was in custody, was not interrogation and was merely conversational. (Tr. 28.)

Because no Fourth Amendment violations have been found, Bryant's statements at the police station were not the fruit of the "poisonous tree."

## CONCLUSION

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 61) is adopted in its entirety;

2. The objections (Filing No. 65) to the Report and Recommendation filed by the Defendant, Thomas E. Bryant, are overruled;

3. The motion to suppress (Filing No. 32) filed by the Defendant, Thomas E. Bryant, is denied; and

4. The motions to suppress (Filing Nos. 34, 36) filed by the Defendant, Jonathan M. Bales, are denied.

DATED this 10th day of August, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge