IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CR377 |
| | ) | |
| vs. | ) | ORDER |
| | ) | ON MOTION FOR |
| THOMAS BRYANT, | ) | RECONSIDERATION |
| | ) | |
| Defendant. | ) | |

      This matter is before the court pursuant to 28 U.S.C. § 636 and the referral of Judge Smith Camp on the defendant's Motion for Reconsideration of the September 24, 2009 order denying his untimely motion for leave to inspect the premises of a nonparty.

      Defense counsel and an expert reportedly believe that the charges in this case were derived from the Nebraska State Patrol's observation of "feral marijuana" indigenous to property owned by one David Erickson. The supporting affidavit attached to the criminal complaint (Doc. 1) filed October 17, 2008 indicates that defendant Bryant leased the property from Mr. Erickson for the period of April 2008 through January 2009 to use the approximately 1032 acres for a deer hunting camp. Mr. Erickson is not a party to this case, and refuses to allow defense counsel and the defense expert to enter his property to confirm the presence of feral marijuana growing there.

      The defendant, in his original brief (Doc. 76) admits that Fed. R. Crim. P. 16 and 17 do not specifically address this situation. The court cannot issue a search warrant upon the request of a criminal defendant, *see* Fed. R. Crim. P. 41, and Fed. R. Civ. P. 34 does not apply in a criminal case.

      Defendant insists that he is entitled to inspect the "scene of the crime" and proposes that the court adopt law of the State of Virginia as articulated in *Henshaw v. Commonwealth*, 451 S.E.2d 415 (Va. Ct. App. 1994):

> the due process rights of Article I, Section 8 of the Virginia Constitution give a criminal defendant a right to view, photograph, and take measurements of the crime scene, provided that the defendant makes a showing that a substantial

basis exists for claiming that the proposed inspection and observation will enable the defendant to obtain evidence relevant and material to his defense or to be able to meaningfully defend himself.

451 S.E.2d at 419.

Apparently, the defendant's advocates also wish to collect information regarding soil conditions and fertilization to "rebut potential government expert testimony." He complains that the United States has not complied with Fed. R. Crim. P. 16(a)(1)(G) by providing the defense with the government's expert's opinions, summary of testimony, basis of testimony or qualifications.

The defendant's request for permission to inspect the Erickson property is fairly similar to requesting a request for a third-party subpoena pursuant to Fed. R. Crim. P. 17. In this district, such a request must be supported by an affidavit or declaration, *see* 28 U.S.C. § 1746, establishing

> (A) the documents or objects sought cannot otherwise be reasonably obtained by due diligence in advance of the trial or evidentiary proceeding;
> (B) the moving party cannot properly prepare for the trial or evidentiary proceeding without advance production and inspection;
> (C) the failure to obtain advance production and inspection of the documents or objects may unreasonably delay the proceeding; and
> (D) the application is made in good faith and is not intended for the purpose of general discovery.

NECrimR 17.2(b)(1). The magistrate judge then makes a preliminary determination whether the material sought is probably relevant and probably admissible. NECrimR 17.2(b)(2).

The court questions the relevance, materiality and admissibility of evidence relating to a crop of marijuana growing on the subject property over one year after the charged conduct.

The defendant has, in fact, filed a pretrial discovery motion which is subject to the pretrial motion deadline set by the court. In this instance, it appears that the defendant himself had the right to access the property through January 2009 and would have been able to authorize entry to obtain any necessary soil samples or the like well in advance of the extended January 23, 2009 deadline for filing pretrial motions.

Finally, the court is not persuaded that Mr. David Erickson would suffer no "inconvenience" if the court were to allow third parties on his property to search for fields of marijuana.

Having reconsidered the matter, the defendant's motion for an order allowing the inspection of property is once again denied.

**IT IS SO ORDERED.**

Pursuant to NECrimR 57.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" on or before **October 15, 2009.** The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law. The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal. *See* NECrimR 57.2.

**DATED October 5, 2009.**

                                      **BY THE COURT:**

                                      s/ F.A. Gossett
                                      **United States Magistrate Judge**