**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR377 |
| Plaintiff, | ) | |
| | ) | AMENDED |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| THOMAS E. BRYANT, | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the parties' objections thereto (Filing Nos. 122, 130). See "Order on Sentencing Schedule," ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

## I.   Objections to Drug Quantity

The parties have objected to the quantity of controlled substance attributable to the Defendant in ¶¶ 20 and 27 and the base offense level 26 applied in the PSR, and the Defendant also objects to the facts regarding drug quantity in ¶¶ 18 and 19. The plea agreement recommends that the Defendant be held accountable for at least 100 but less than 200 marijuana plants. Note E to the drug quantity table in U.S.S.G. § 2D1.1 states that each marijuana plant is equivalent to 100 grams of marijuana, unless the plant is heavier. If the plant is heavier, the actual weight should be used. The Court's tentative findings are that, absent unusual circumstances, the plea agreement should be upheld.

## II.   Application of Safety Valve

As pointed out in the sentencing recommendation, U.S.S.G. § 5C1.2(b) states that where the safety valve applies the offense level may not be less than 17 after adjustments

are made under Chapters 2 and 3 of the sentencing guidelines. See also *United States v. Allaei,* 174 Fed. Appx. 350, at **1 (8th Cir. 2006).

Therefore, the parties' objections to ¶¶ 20 and 27 (drug quantity) are granted insofar as the quantity and base offense level are lowered from the quantity and base offense level of 26 that appear in ¶ 27 of the PSR. The Defendant's total offense level is 17, his criminal history category is I, and his guideline range is 24-30 months. The parties' other objections are denied. The Defendant's motion for variance will be heard at sentencing.

### III.    *Post-Offense Rehabilitation*

The Defendant also objects to ¶¶ 90 and 91, arguing that post-offense should be taken into consideration, apparently as a ground for a departure. The Court is not at liberty to change the probation officer's opinions stated in ¶¶ 90 and 91, and a motion for downward departure or variance has not been filed. The objections are denied.

IT IS ORDERED:

1. The Court's tentative findings are that the parties' objections (Filing Nos. 122, 130) to the PSR are granted in part and denied in part as follows:

    a. the parties' objections to the drug quantity and base offense level stated in ¶¶ 20 and 27 are granted;

    b. otherwise, the parties' objections are denied;

2. The parties are notified that my tentative findings are that the PSR is correct in all other respects;

3. If **any** party wishes to challenge these tentative findings, the party shall file, as soon as possible but in any event before sentencing, and serve upon opposing counsel

and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 19th day of January, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge